UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH TEMPESTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-7 RLW |
| MARRIOTT HOTEL SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery. (ECF No. 11). Defendant Marriott Hotel Services, Inc. ("Marriott") filed its Suggestions in Opposition of Plaintiff's Motion to Compel Discovery ("response"; ECF No. 15). Plaintiff Joseph Tempesta ("Tempesta") has not filed a reply but the time for filing a reply has expired. *See* E.D.Mo. L.R. 4.01(C).

## LEGAL STANDARD

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The Federal rules further provide for limits on discovery requests. Specifically,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii); *Halbach v. Great-W. Life & Annuity Ins. Co.*, No. 4:05CV02399 ERW, 2007 WL 2702651, at *1 (E.D. Mo. Sept. 12, 2007). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.

## **DISCUSSION**

In his Petition, Tempesta alleges that he, as a business invitee, fell on uneven walkway steps at a Marriott. (ECF No. 2). In his Motion to Compel, Tempesta contends that Marriott has failed to adequately answer five discovery requests.

A. Request for Production No. 9

In Request for Production number 9, Tempesta requests documents relating to a third party who owned, possessed, or maintained the scene of the accident. Marriott objected because the management agreement contains confidential and proprietary information. Tempesta claims that Marriott has refused to produce responsive documents despite the party's confidentiality agreement. In response, Marriott states that it has agreed to produce the management agreement at issue, subject to a confidentiality agreement. Therefore, Marriott claims there is no outstanding dispute.

The Court finds that Marriott has sufficiently responded to this Request for Production by producing the management agreement. Moreover, Tempesta has not filed a reply to dispute that this issue has been mooted by production of the management agreement. The Court denies the Motion to Compel as to Request for Production number 9.

B. Request for Production No. 14

Tempesta requests a copy of Marriott's policies and procedures for reporting and/or responding to injuries at the time of his fall. In response, Marriott objected that this request sought information not likely to lead to the discovery of admissible evidence because Tempesta did not notify Marriott that he had fallen until several days after the fall allegedly occurred. Marriott argues that Tempesta has not made a threshold showing of relevance as to why discovery on Request for Production number 14 should be allowed when Tempesta did not report the incident until several days after it occurred.

The Court finds that Tempesta has not demonstrated that Marriott accident reporting policies are relevant, given that Tempesta did not notify Marriott regarding his accident for several days. The Court denies the Motion to Compel as to Request for Production number 14.

C. Request for Production No. 15

In Request for Production number 15, Tempesta requests "[a]ll policies and procedures related to ensuring the safety of patrons." Tempesta agreed to limit this request to the area where he fell, but Tempesta claims that Marriott has neither withdrawn its objections nor produced documents. In response, Marriott contends that the request does not describe the items sought with "reasonable particularity" and is overly broad such that it "encompasses numerous Marriott departments and policies."[1] Further, Marriott argues that Tempesta has not made a threshold showing of relevant regarding why discovery on Request for Production number 15 should be allowed.

The Court orders Marriott to produce all policies and procedures related to ensuring the safety of patrons in the area where Tempesta fell. Policies related to ensuring the safety of patrons is related to Tempesta's claim that Marriott did not use ordinary care to prevent the

---

[1] In its argument regarding Request for Production 15, Marriott mistakenly cites to the language for Request for Production 16. *See* ECF No. 15, ¶9.

uneven walkway that allegedly injured him. The Court finds that this request is relevant and reasonably related to Tempesta's claim for liability against Marriott, and grants the Motion to Compel as to Request for Production number 16.

D. Request for Production No. 16

In Request for Production number 16, Tempesta requests all policies and procedures related to inspecting the area where Tempesta fell. Marriott objected because the request was "vague, ambiguous, overly broad, unduly burdensome, and not tailored to the issue in this case." In its response, Marriott states that it advised Tempesta that there are no documents responsive to this request

The Court finds that there is no outstanding dispute regarding Request for Production number 16. Marriott has indicated that it does not have responsive documents. The Court denies the Motion to Compel as to Request for Production number 16.

E. Request for Production No. 19

In Request for Production number 19, Tempesta requests "[a]ll documentation of consumer injuries related to falls at Defendant's premises." Tempesta agreed to limit this request to the area where Tempesta fell. In response, Marriott indicated that it has produced the only incident report from one other fall that occurred on the patio in question.

The Court finds that there is no outstanding dispute regarding Request for Production number 19. Marriott has indicated that it has produced the incident report. The Court denies the Motion to Compel as to Request for Production number 19.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 11) is **DENIED**, in part, and **GRANTED**, in part. Defendant Marriott Hotel Services, Inc. shall

produce any additional documents responsive to Request for Production number 16 (as outlined above) no later than **September 30, 2015**.

Dated this 18th day of September, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE